# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| WILLIAM J. HUNSAKER, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CASE NO. 1:22-cv-02153 |
| v. | ) | |
| | ) | Judge Philip A. Brimmer |
| | ) | |
| TURNING POINT USA, Inc., | ) | Magistrate Judge Kristen L. Mix |
| an Indiana nonprofit corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION TO DISMISS

Defendant Turning Point USA, Inc. ("Turning Point") moves for an Order dismissing Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). In support of its Motion, Turning Point states as follows:

### FACTUAL & PROCEDURAL BACKGROUND

1. Defendant Turning Point is an Indiana nonprofit corporation organized and operated exclusively for tax-exempt purposes in accordance with Section 501(c)(3) of the Internal Revenue Code.[1]

---

[1] *See* July 3, 2014 Internal Revenue Service Determination Letter, Ex. A hereto. This determination letter is a matter of public record and this Court can take judicial notice of it in ruling on this motion to dismiss. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) ("[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting a motion to dismiss into a motion for summary judgment."); *Van Woudenberg ex rel. Foor v. Gibson*, 211 F. 3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F. 3d 946, 955 (10th Cir. 2001) (Court may "take judicial notice of…facts which are a matter of public record" without converting a motion dismiss into a summary judgment motion).

2. Plaintiff filed his Complaint in the State Court of Colorado, Jefferson County Court on or around July 19, 2022. The Complaint was served on Turning Point on July 27, 2022.

3. The Complaint asserts a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227 and 47 C.F.R. §64.1200 (the "TCPA"). Specifically, Plaintiff's claim concerns receipt of a text message he alleges was made to his cellular phone without his consent.

4. On August 23, 2022, Turning Point filed its Notice of Removal pursuant to 28 U.S.C. §1441. On that same date, this case was assigned to Chief Judge Philip A. Brimmer and referred to Magistrate Judge Kristen L. Mix.

**ARGUMENT**

1. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). *Mina v. Red Robin Int'l, Inc.*, 2022 U.S. Dist. LEXIS 104423, at *6 (D. Colo. June 10, 2022).

2. "A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And the court must "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

3. Title 47 U.S.C. § 227(b)(1)(B) prohibits a person to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the [Federal Communications Commission] under

paragraph (2)(B)." A text message is considered a "call" within the meaning of the TCPA. *Mina*, 2022 U.S. Dist. LEXIS 104423, at *7. The TCPA provides a private right of action for any violation of this provision and permits the recovery of the greater of $500 or actual losses, with the potential for treble damages if a court determines that the violation was willful. *Id*. § 227(b)(3).

4. However, calls "made by or on behalf of a tax-exempt nonprofit organization" are specifically excepted from statute and do not give rise to liability. 47 C.F.R. § 64.1200(a)(3)(ii), (iv); *FTC v. Mainstream Mktg. Servs., Inc.*, 345 F.3d 850, 857 (10th Cir. 2003) (the definition of "telephone solicitation" under the TCPA "exclude[s] charitable telemarketers.").

5. "When the plain language of the statute is clear and unambiguous, the 'sole function of the courts' is to 'enforce [the statute] according to its terms.'" *Mina*, 2022 U.S. Dist. LEXIS 104423, at *24 (quoting *Lamie v. United States Tr.*, 540 U.S. 526, 534, (2004)). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id*. at *25 (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997)).

6. The plain language of the TCPA excludes tax-exempt nonprofit corporations from its purview. Turning Point is a tax-exempt nonprofit corporation. Accordingly, Plaintiff's claim fails under the TCPA and this case must be dismissed. *See Bank v. CreditGuard of Am.*, 2019 U.S. Dist. LEXIS 49363, *14 (E.D.N.Y. 2019) (granting motion to dismiss because nonprofit defendant was "shielded from liability under the nonprofit exemption as a categorical matter. The plain language of the regulation leaves no doubt as to this question, as the language is unambiguous: a nonprofit is not liable [under the TCPA]."); *see also Fitzhenry v. Independent*

*Order of Foresters*, 2015 U.S. Dist. LEXIS 76750, *10 (D.S.C. 2015) (dismissing TCPA claim because defendant was a nonprofit corporation).

## CONCLUSION

For the foregoing reasons, Defendant Turning Point respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice.

Dated: August 29, 2022                                    Respectfully submitted,


                                                          /s/      Kellye Fabian Story

Kellye Fabian Story
WAGENMAKER & OBERLY
53 W. Jackson Blvd., Suite 1734
Chicago, Illinois 60604
Ph: (312) 626-1600
kellye@wagenmakerlaw.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August, 2022 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

William J. Hunsaker, Jr.
billy@gvrth.com


I hereby certify that I have mailed or served the foregoing document or paper to the following non-CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

VIA Overnight U.S. Mail
William J. Hunsaker, Jr.
7370 Poppy Way
Arvada, CO 80007


/s/     Kellye Fabian Story

Kellye Fabian Story
WAGENMAKER & OBERLY
53 W. Jackson Blvd., Suite 1734
Chicago, Illinois 60604
Ph: (312) 626-1600
kellye@wagenmakerlaw.com

Attorneys for Defendant