# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02153-KLM

WILLIAM J. HUNSAKER, JR.

    Plaintiff,

v.

TURNING POINT USA, INC.,

    Defendant.

---

## RESPONSE TO MOTION TO DISMISS

---

COMES NOW Plaintiff, William J. Hunsaker, Jr., *pro se*, and hereby responds to Defendant's Motion to Dismiss as follows:

In its Motion to Dismiss Plaintiff's Complaint, Defendant argues that because is it classified as a nonprofit corporation, the Telephone Consumer Protection Act, 47 U.S.C. § 227 and 47 C.F.R. §64.1200, does not apply since a call "made by or on behalf of a tax-exempt nonprofit organization" is specifically exempted by statute pursuant to 47 C.F.R. §64.1200(a)(3)(iv). However, such exemption only applies to telephone calls made to a residential line and does not apply to calls made to cellular/wireless telephone numbers, including Plaintiff's cellular telephone number. Thus, Defendant's argument is misplaced and accordingly, its Motion to Dismiss should be denied.

Pursuant to 47 U.S.C. § 227(b):

(1) PROHIBITIONS

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(i) to any emergency telephone line (including any "911" line and any emergency line of a hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency);

(ii) to the telephone line of any guest room or patient room of a hospital, health care facility, elderly home, or similar establishment; or

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States;

(B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order by the Commission under paragraph (2)(B);

\* \* \*

Pursuant to 47 C.F.R. §64.1200:

(a) No person or entity may:

(1) Except as provided in paragraph (a)(2) of this section, initiate any telephone call (other than a call made for emergency purposes or is made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice;

(i) To any emergency telephone line, including any 911 line and any emergency line of a hospital, medical physician or service office, health

care facility, poison control center, or fire protection or law enforcement agency;

(ii) To the telephone line of any guest room or patient room of a hospital, health care facility, elderly home, or similar establishment; or

(iii) To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

\*   \*   \*

(2) Initiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section, other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made by or on behalf of a tax-exempt nonprofit organization, or a call that delivers a "health care" message made by, or on behalf of, a "covered entity" or its "business associate," as those terms are defined in the HIPAA Privacy Rule, 45 CFR 160.103.

(3) Initiate any telephone call to any <u>residential line</u> using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party, unless the call; (Emphasis added)

   (i) Is made for emergency purposes;

   (ii) Is not made for a commercial purpose;

   (iii) Is made for a commercial purpose but does not include or introduce an advertisement or constitute telemarketing;

   (iv) Is made by or on behalf of a tax-exempt nonprofit organization; or

   (v) Delivers a "health care" message made by, or on behalf of, a "covered entity" or its "business associate," as those terms are defined in the HIPAA Privacy Rule, 45 CFR 160.103.

\*   \*   \*

FCC regulations provide that a nonprofit organization may not initiate any telephone call that constitutes telemarketing to any cellular telephone number other than a call made with the prior express consent of the called party. *Zean v. Fairview Health Servs.*, 858 F.3d 520 (8th Cir. 2017). A defendant is liable for making calls to a cellular telephone number that has been successfully registered on the National Do No Call Registry. *Shelton v. Fast Advance Funding, LLC*, 378 F. Supp. 3d 356 (E.D. Pa. 2019), aff'd 805 F. App'x 156 (3d Cir. 2020).

In its Motion to Dismiss, Defendant argues that because it is a nonprofit corporation, the TCPA does not apply. However, the section of the TCPA upon which Defendant relies for its argument, 47 C.F.R. §64.1200(a)(3)(iv), which provides exemption from liability under the TCPA for nonprofit organizations, only applies when telephone calls are made to a "residential line." Likewise, the cases upon which Defendant relies, *Bank v. CreditGuard of Am.*, 2019 U.S. Dist. LEXIS 49363, *14 (E.D.N.Y. 2019) and *Fitzhenry v. Independent Order of Foresters*, 2015 U.S. Dist. LEXIS 76750, *10 (D.S.C. 2015) are clearly distinguishable from the case at bar as the facts in both of those cases involved parties making telephone calls to residential lines and not to cellular telephone numbers, which Defendant did in calling Plaintiff.

Clearly, Congress and the FCC only intended to provide the nonprofit exemption from liability for calls made to residential lines and not to any other type of telephone line as evidenced by the specific delineation of telephone lines to which calls are prohibited under 47 U.S.C. § 227(b)(1)(A) and 47 C.F.R. §64.1200(a)(1), (e.g. any emergency telephone line, including any 911 line and any emergency line of a hospital, medical

4

physician or service office, health care facility, poison control center, or fire protection or law enforcement agency; the telephone line of any guest or patient room of a hospital, health care facility, elderly home, or similar establishment; or any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.)

Defendant's reliance on the exemption from liability provided under 47 C.F.R. §64.1200(a)(3)(iv) is simply misplaced since it applies only to calls made to a residential line. The FCC specifically provides limited circumstances when a calling party is exempt from liability under 47 C.F.R. §64.1200(a)(9) for calls made to, *inter alia*, a cellular telephone number. For instance, calls made by a package delivery company about a package delivery, calls made by an inmate collect call service provider in certain circumstances, calls made by a financial institution following consent by the consumer, and calls made by, or on behalf of, healthcare providers under certain circumstances are all exempted from liability under the TCPA. However, none of those exemptions applies to Defendant in the case at bar and the exemption upon which Defendant relies for being a nonprofit organization, is likewise inapplicable since it only pertains to a residential telephone line and not to a cellular telephone number.

Furthermore, although Defendant argues in its Motion to Dismiss that it is exempt from liability under the TCPA because 47 C.F.R. §64.1200(a)(3)(iv) provides an exemption therefrom for tax-exempt nonprofit organizations, Plaintiff has not alleged that Defendant violated 47 C.F.R. §64.1200(a)(3) since Defendant's call was not to Plaintiff's

5

residential telephone line.  Rather, Plaintiff alleges that Defendant sent a text message to his cellular telephone on May 31, 2022 without his consent in which it attempted to solicit a book by Donald Trump.  A copy of the text message from Defendant to Plaintiff is attached hereto and incorporated herein by reference as Exhibit 1.  By engaging in such conduct, Plaintiff asserts that Defendant:  1) violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §64.1200(a)(1)(iii) by initiating a telephone call to Plaintiff's cellular telephone number without his express consent; 2) violated 47 C.F.R. §64.1200(a)(2) by initiating a telephone call to Plaintiff's cellular telephone number that included or introduced an advertisement or constituted telemarketing without his prior express consent; 3) violated 47 C.F.R. §64.1200(c)(2) by initiating a telephone solicitation to Plaintiff's cellular telephone number more than two years after Plaintiff's telephone number was registered on the National Do-Not-Call Registry; and 4) violated 47 C.F.R. §64.1200(d) by initiating a call to Plaintiff's cellular telephone number for telemarketing purposes without maintaining a list of persons who request not to receive telemarketing calls.

Although Defendant argues that Plaintiff has failed to state a claim upon which relief can be granted because Defendant is a nonprofit corporation and is thus, exempted from liability under the TCPA, such fact is irrelevant since Defendant called Plaintiff's cellular telephone number rather than calling Plaintiff's residential telephone line.  As previously set forth, the provision that Defendant argues provides exemption from liability, 47 C.F.R. §64.1200(a)(3)(iv), only applies to residential telephone lines and not to cellular telephone numbers.  Based upon the facts alleged in Plaintiff's Complaint, the only benefit that the TCPA confers upon Defendant for being a nonprofit corporation is that Defendant

arguably could have made a call to Plaintiff's cellular telephone number if prior express consent to do so had been obtained from Plaintiff. However, Plaintiff has never provided Defendant with express consent to call his cellular telephone number. In fact, Plaintiff's cellular telephone number is on the National Do-Not-Call Registry and has been since November 3, 2019 as evidenced in an email from Verify@donotcall.gov to Plaintiff dated June 8, 2022 providing confirmation thereof, a copy of which is attached hereto and incorporated herein by reference as Exhibit 2.

Thus, Defendant's nonprofit status has no effect on its liability to Plaintiff since the exemption from liability under the TCPA provided in 47 C.F.R. §64.1200(a)(3)(iv) is inapplicable to Defendant's conduct, and accordingly, Defendant's Motion to Dismiss should be denied.

WHEREFORE, having fully responded to Defendant's Motion to Dismiss and for the reasons set forth herein, Plaintiff respectfully requests that this Honorable Court deny such motion and order such other and further relief as to the Court seems just and proper.

Respectfully submitted this 13th day of September, 2022.

*/s/ William J. Hunsaker, Jr.*
William J. Hunsaker, Jr.
7370 Poppy Way
Arvada, Colorado 80007
(720)618-8678
billy@gvrth.com
Plaintiff, *pro se*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

kellye@wagenmakerlaw.com

*/s/ William J. Hunsaker, Jr.*