# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| WILLIAM J. HUNSAKER, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CASE NO. 1:22-cv-02153 |
| v. | ) | |
| | ) | |
| | ) | |
| TURNING POINT USA, Inc., | ) | Magistrate Judge Kristen L. Mix |
| an Indiana nonprofit corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

In his response to Defendant Turning Point USA, Inc.'s ("Turning Point's") Motion to Dismiss, Plaintiff argues that his Complaint for violation of the Telephone Consumer Protection Act ("TCPA" or the "Act") can proceed because the nonprofit exemption under the Act does not apply here. Specifically, Plaintiff asserts that Turning Point's motion can be denied because the text message upon which his claim is based was sent to his cellular telephone number, and not a "residential line." There are at least two problems with Plaintiff's argument.

First, Plaintiff has conceded that his cellular phone is a residential line by including it on the Do-Not-Call Registry and by claiming it is a residential line elsewhere in his Response. He cannot now argue that his cellular phone is not residential. Second, Plaintiff seeks to amend his Complaint by attaching documents that were not attached to his Complaint and recasting the nature of his Complaint as pled. This is impermissible in a response to a motion to dismiss. And,

in any event, each of these newly articulated claims should be dismissed because they still do not state a claim upon which relief can be granted.

## ARGUMENT

### I. Plaintiff Has Conceded That His Cellular Phone Is a "Residential Line."

Plaintiff's primary argument in response to Defendant's Motion to Dismiss is that the nonprofit exemption in the TCPA does not apply in this case because the text Turning Point allegedly sent him was not to a "residential line." (Pl. Resp. at 1). Specifically, Plaintiff claims that nonprofit corporations are not exempt from compliance with the TCPA if they call or text a cellular phone as opposed to a residential line. But Plaintiff has conceded that his cellular phone *is a residential line* in two ways: a) by including it on the Do-Not-Call Registry, which is for residential subscribers; and b) by asserting that by texting Plaintiff, Defendant violated 47 C.F.R. § 64.1200(c)(2), which prohibits solicitation to residential telephone subscribers.

Under the TCPA, only residential phone subscribers are entitled to Do Not Call protections. *Barton v. Temescal Wellness, LLC*, 525 F. Supp. 3d 195, 201-202 (D. Mass. 2021). By placing his cellular phone on the Do-Not-Call Registry, Plaintiff has conceded his cellular phone is in fact his residential line. Further, as described below, Plaintiff seeks to assert a claim under 47 C.F.R. § 64.1200(c)(2). To do so, he must assert – and he implicitly does – that his cellular phone is a residential line. Accordingly, the nonprofit organization exemption applies and Plaintiff's Complaint should be dismissed.

### II. Plaintiff's Newly Pled Claims Should Be Dismissed.

"It is well-established…that in determining whether to grant a motion to dismiss, the district court…[is] limited to assessing the legal sufficiency of the allegations contained within

2

the four corners of the complaint." *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995). A plaintiff cannot amend his complaint by adding factual allegations in response to a motion to dismiss. *Hockensmith v. Minor*, 2018 U.S. Dist. LEXIS 209110 at *23 (D. Colo. Dec. 11, 2018); *Sudduth v. CitiMortgage, Inc.*, 79 F.Supp.3d 1193, 1198 n.2 (D. Colo. 2015).

Plaintiff originally filed his Complaint in Colorado state court. His allegations, in totality, are as follows:

> On or about May 31, 2022, Defendant initiated a telephone call to Plaintiff's cellular telephone via text message without Plaintiff's consent in violation of the [TCPA], 47 U.S.C. § 227 and 47 C.F.R. § 64.1200. Defendant willfully and/or knowingly violated 47 U.S.C. § 227 and 47 C.F.R. § 64.1200 by intentionally initiating such telephone call to Plaintiff's cellular telephone even though Defendant knew or should have known that Plaintiff had not consented to receive such calls and that Plaintiff's cellular telephone number has been included on the National Do-Not-Call Registry since November 3, 2019. Such conduct by Defendant entitles Plaintiff to three times the amount of damages of $500.00 for each violation, or $1,500 pursuant to 47 U.S.C. § 227(b)(3), plus costs of this action.

(Compl. ¶ 4).

In his response to Defendant's motion to dismiss, Plaintiff asserts new claims, attaches documents that were not attached to his Complaint, and recasts the nature of his claims as pled. Plaintiff attached the alleged offending text message and a document that he claims reflects his cellular phone number was on the Do-Not-Call Registry at the time he received the alleged offending text message. (Pl. Resp., Exs 1-2). Neither of these documents was attached to the Complaint and neither can be considered by the Court in deciding Turning Point's Motion.

Additionally, Plaintiff claims in his Response that Defendant attempted to "solicit a book by Donald Trump" and "introduced an advertisement or constituted telemarketing without [Plaintiff's] prior express consent." (Pl. Resp. at 6). Neither these allegations nor anything like

3

them were made in the Complaint. This Court should not consider these new, previously unmentioned allegations.

Even if the Court were to consider these allegations as having amended the Complaint, they still do not pass muster under Fed. R. Civ. P. 12(b)(6) and for the reasons set forth below, his Complaint should be dismissed.

### A. Plaintiff Has Failed to Adequately Plead a Claim That Defendant Violated 47 U.S.C. § 227(b)(1)(A)(iii) or 47 C.F.R. § 64.1200(a)(2).

In his Complaint, Plaintiff did not specifically allege that Turning Point had violated 47 U.S.C. §227(b)(1)(A), 47 C.F.R. §64.1200(a)(1)(iii), and 47 C.F.R. § 64.1200(a)(2), but Plaintiff asserts these claims in his Response. (Resp. at 6). These sections of the Act and its Regulations prohibit any person from making a call to a cellular phone using an automated telephone dialing system ("ATDS") or an artificial or prerecorded voice without prior consent. Thus, to state a claim under Section 227(b) and its Regulations, a plaintiff must allege at least that (1) the defendant made a telephone call (2) to the plaintiff's cellular phone (3) using an ATDS or an artificial or prerecorded voice. *See Mestas v. CHW Grp. Inc.*, 508 F.Supp.3d 1011, 1022 (D.N.M. 2020) (*citing* 47 U.S.C. § 227(b)(1)(A)(iii)). Plaintiff has not pled the third element of this claim – that Defendant used an ATDS or an artificial or prerecorded voice. In fact, Plaintiff does not make any reference to this important element of this type of TCPA claim. Without this allegation – which Plaintiff did not and cannot make – this claim must be dismissed. *See Internet Archive v. Shell*, 505 F. Supp. 2d 755, 762 (D. Colo. 2007) (dismissing claims where plaintiff failed to plead sufficient facts to support elements of those claims).

4

### B. The Court Should Dismiss Plaintiff's Claim That Defendant Violated 47 C.F.R. § 64.1200(c)(2).

Although Plaintiff failed to specifically identify 47 C.F.R. § 64.1200(c)(2) as a part of the TCPA that Defendant allegedly violated, Plaintiff does so in his Response. (Pl. Resp. at 6) That section of the Act states in relevant part:

> No person or entity shall initiate any *telephone solicitation* to:
>
> (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

47 C.F.R. § 64.1200(c)(2) (emphasis added).

Defendant cannot be said to have violated this provision because "[c]alls by or on behalf of tax-exempt nonprofit organizations are not considered 'telephone solicitation[s].'" *Spiegel v. Reynolds*, 2017 U.S. Dist. LEXIS 167777, *8-9 (N.D. Ill. Oct. 11, 2017). The statute and its regulations specifically exclude tax-exempt organizations from the definition:

> (a) The term *telephone solicitation* means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message:
>
> (4) The term "telephone solicitation" means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, *but such term does not include a call or message* (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or (C) *by a tax exempt nonprofit organization*.

47 U.S.C. § 227(a)(4) (emphasis added); 47 C.F.R. § 64.1200(f)(14)(iii); *see also* 10 FCC Rcd 12391, 12397 (1995). Defendant, as a tax-exempt nonprofit organization, is excluded from the definition of "telephone solicitation" and accordingly, Plaintiff's claim under 47 C.F.R. § 64.1200(c)(2) should be dismissed.

This section of the Act also requires that a call or message be sent to a residential subscriber and Plaintiff has specifically argued that it was his *cellular phone* that Turning Point allegedly texted. Plaintiff is seeking to have his cake and eat it too in arguing in one part of his brief that his cell phone is not residential and in another part that it is, depending on how the Act reads. This claim, to the extent the Court considers it here, should be dismissed.

### C. The Court Should Dismiss Plaintiff's Claim Under 47 C.F.R. §64.1200(d).

Again, although not specifically pled in his Complaint, Plaintiff asserts in his Response that Defendant violated 47 C.F.R. §64.1200(d) when it allegedly texted him on his cellular phone. (Resp. at 6). That Section states:

> (d) No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity.

However, subpart (7) of this Section specifically excludes tax-exempt nonprofit organizations:

> (7) Tax-exempt nonprofit organizations are not required to comply with 64.1200(d).

Plaintiff does not dispute – nor could he – that Turning Point is a tax-exempt nonprofit organization. Thus, his claim under 47 C.F.R. §64.1200(d) must be dismissed.

### CONCLUSION

For the foregoing reasons, Defendant Turning Point respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice.

Dated: September 27, 2022                Respectfully submitted,


                                         /s/       Kellye Fabian Story

Kellye Fabian Story
WAGENMAKER & OBERLY
53 W. Jackson Blvd., Suite 1734
Chicago, Illinois 60604
Ph: (312) 626-1600
kellye@wagenmakerlaw.com

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of September, 2022 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

William J. Hunsaker, Jr.
billy@gvrth.com

/s/   Kellye Fabian Story

Kellye Fabian Story
WAGENMAKER & OBERLY
53 W. Jackson Blvd., Suite 1734
Chicago, Illinois 60604
Ph: (312) 626-1600
kellye@wagenmakerlaw.com

Attorneys for Defendant